# Exhibit 1

*State Court Pleadings*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | ) | |
| KEITH F. KRAEMER | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2015-CP-08- 2296 |
| vs. | ) | |
| | ) | RECEIVED |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | ) | |
| Defendant(s) | ) | OCT 13 2015 |

Submitted By: Adam K. Kraemer
Address: PO Box 14332, Charleston, SC 29422

| | |
|---|---|
| SC Bar #: | 100819 |
| Telephone #: | (843) 606-0447 |
| Fax #: | (843) 614-3894 |
| Other: | (864) 979-4788 (cell) |
| E-mail: | adam@adamkraemer.com |

SECRETARY OF STATE

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (*Check all that apply*)
*\*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.　　☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-NI-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☒ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | ☐ Other (999) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_　　　　Date: 9/29/2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA            )   IN THE COURT OF COMMON PLEAS
                                   )   FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF BERKELEY                 )   CASE NO. 2015-CP-08- 2296
                                   )
KEITH F. KRAEMER                   )
                        Plaintiff, )
                                   )
                                   )            **SUMMONS**
vs.                                )
                                   )
MASSACHUSETTS MUTUAL LIFE          )
INSURANCE COMPANY                  )
                                   )
                        Defendant  )
_____    )
                                   )
                                   )

TO:    DEFENDANT ABOVE-NAMED:

       YOU ARE HEREBY SUMMONED and required to answer or otherwise plead in response

to the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your

Answer to this Complaint upon the subscriber Adam K. Kraemer and The Kraemer Law Firm, LLC

at PO Box 14332, Charleston, SC 29422 within thirty (30) days after service hereof, exclusive of

the days of such service, and if you fail to answer the Complaint or otherwise appear and defend

this action within the time aforesaid, the Plaintiffs will apply to the Court for the relief demanded in

the Complaint and judgment by default will be rendered against you.

Respectfully submitted,

                              **KRAEMER LAW FIRM, LLC**
                              **Attorney for the Plaintiff**

                    BY:       _____
                              Adam K. Kraemer
                              **PO Box 14332**
                              **Charleston, SC 29422**
                              **(843) 606-0447 phone**
                              **(843) 614-3894 fax**
                              **adam@adamkraemer.com**
                              **SC Bar No: 100819**

September 29, 2015

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) CASE NO. 15-CP-08 ____ |
| | ) |
| KEITH F. KRAEMER | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) (Jury Trial Demanded) |
| vs. | ) |
| | ) |
| MASSACHUSETTS MUTUAL LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

**The Plaintiff, complaining of the Defendant, alleges the following:**

1. That Plaintiff Keith Frederick Kraemer is currently and has at all relevant times been a citizen of the State of South Carolina.

2. That Plaintiff is currently a resident of Berkeley County, South Carolina.

3. That Defendant Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual"), upon information and belief, is a corporation headquartered in Springfield, Massachusetts, and is licensed to conduct business and sell insurance in the State of South Carolina.

4. That the operative facts of this case revolve around two (2) individual disability income insurance policies which were sold in 2002 by Defendant MassMutual to the Plaintiff while Plaintiff was engaged in the practice of medicine in Greenville, S.C. : Radius Policy #8348070 and Retireguard Policy # 8351026.

5. The sale of the policies occurred in South Carolina, through Carolina Physicians Advisory Service, based in Columbia, South Carolina, and all premiums were paid in South Carolina.

6. That the Defendant is subject to the jurisdiction of this Court pursuant to S.C. Code Ann. Section 56-15-20, through the substantial connections the Defendant has with the State of South Carolina, by its having obtained licensure to conduct business in this state and by

1

selling insurance policies and by collecting premiums in this state.

7. That the venue is proper because Plaintiff is a resident of Berkeley County, South Carolina, and Defendant routinely conducts business within this county and state.

8. That Plaintiff Keith F. Kraemer, while practicing anesthesiology in Greenville, South Carolina, purchased two disability income insurance policies from MassMutual in 2002.

9. That the first policy, Radius DI Policy #8348070, was issued with a Policy Date of May 4, 2002, an Expiration Date of May 4, 2015, and with a policy waiting period of ninety (90) days.

10. That the second policy was the Retireguard DI Policy #8351026, which was issued with a Policy Date of July 1, 2002, an Expiration Date of July 1, 2015, and a waiting period of one-hundred and eighty (180) days.

11. That Keith Kraemer reliably paid premiums on these policies until mid-2006, when he became permanently and totally disabled.

12. That Keith Kraemer made claims for disability income benefits with MassMutual, which claims were approved, with the onset of disability designated as July 1, 2006.

13. That MassMutual began to pay benefits on both policies in late 2006, in accordance with the prescribed waiting periods of both policies.

14. That these prescribed waiting period are specifically designated in terms of the number of days one must wait after onset of disability before benefits begin.

15. That the causes of action in this matter arise from two separate losses realized by Plaintiff as a result of two separate unilateral actions by Defendant MassMutual:

16. That, first, MassMutual changed the benefit periods on both policies to a calendar-month

benefit period rather than the date-specific benefit period required by the policies' waiting periods.

17. That, second, MassMutual relied on misleading and ambiguous contract language, while ignoring established principles of contract construction, to improperly terminate Mr. Kraemer's benefit payments on his 65th birthday, rather than at the later Expiration Date as required by reasonable interpretation of the language of the insurance contract.

FACTUAL ALLEGATIONS CONCERNING PLAINTIFF'S

FIRST CAUSE OF ACTION

18. That, counting from July 1, 2006, the 90 day waiting period for the Radius policy (8348070) ended on September 28, 2006, and benefits began to accrue beginning September 29th.

19. That for the Retireguard policy (8351026), the 180-day waiting period ended on December 27, 2006, and benefits began to accrue on December 28, 2006.

20. That the monthly benefit amount for the Retireguard policy (8351026) was initially $4375.00 and according to policy provisions would remain the same, increasing only with annual cost-of-living adjustments.

21. That in January, 2007, Mr. Kraemer received the first benefit payment on this policy in the amount of $4520.83.

22. That since this amount, at variance with the expected benefit amount, was not explained, Mr. Kraemer made inquiries of MassMutual.

23. That Mr. Kraemer received a letter dated March 19, 2007, from Ms. Jennifer Johnson, Claim Examiner for MassMutual.

24. That in that letter, Ms. Johnson first revealed that the first benefit payment on the Retireguard policy (8351026) included payment for one additional day, which she did not

3

specifically identify, and that "...going forward, your benefit payment dates are on a calendar monthly basis and will be from the 1st of the month through the 28th, 30th or 31st, which ever is applicable."

25. That this contract modification, involving changing the benefit periods by moving the benefit period ending date from the 27th of each month (28th in the case of the Radius policy) to the calendar month's end, was made unilaterally by MassMutual, without notice to Mr. Kraemer and without his consent.

26. That on May 3, 2007, Mr. Kraemer spoke by telephone to Ms. Jennifer Johnson, who informed Plaintiff that this change in benefit periods was done with all policyholders and there was "nothing that you could do about it".

27. That assertions in the policy itself read "Our agents are not authorized to make changes or waive any provisions of this Policy. If the change restricts any coverage, the change request must be signed by You."

28. That Mr. Kraemer wrote to his contact person at MassMutual, Mr. Steve Allen, Senior Claim Examiner for MassMutual, on June 18, 2007 explaining in detail how the above contract modification harmed Mr. Kraemer, operating to allow MassMutual to avoid paying for two covered days on each of the two MassMutual disability policies owned by Mr. Kraemer.

29. That the loss to Mr. Kraemer was initiated in January, 2007, and completed in March, 2007, when MassMutual first extended the ending dates of the benefit periods of both policies from the date that was originally required by the policies' waiting periods to March 31st.

30. The loss is effectively concealed, however, because it is carried over from benefit period to benefit period until payments end, and it is only at that point when the loss becomes realized.

31. That Mr. Kraemer again wrote to Mr. Allen, and MassMutual, on November 1, 2007, after receiving no response to his earlier letter.

32. That finally, Plaintiff received a letter from Mr. Allen dated February 21, 2008, in which Mr. Allen stated "It is true that an adjustment of a day or 2 might be appropriate at the termination date of your claim, whether due to a return to work or reaching the Maximum Benefit Period. We assure you the appropriate action will be taken at that time."

33. That some time later, Ms. Karen M. Schuster, Chief Claim Consultant, Disability Income Claims for MassMutual, wrote to Plaintiff on July 3, 2013, stating that for Retireguard policy 8351026, "(A)t the end of your claim, we will be providing an extra 2 days of accounting for the final benefits due through November 5, 2014."

34. That at this time, Mr. Kraemer engaged and consulted with Counsel in order to evaluate his position and actions taken by MassMutual and to advise Mr. Kraemer as to his position and responsive actions.

35. That despite numerous communications to the opposite effect, when payments were terminated, MassMutual did not honor either of these promises, and failed to pay Mr. Kraemer for two days coverage on each of his two Disability Income polices held with MassMutual.

36. That by adding payment for one-day's coverage (representing January 28, 2007) to the first benefit payment made on the Retireguard policy, MassMutual manipulated the ending date of Plaintiff's policy benefit periods so that the second benefit period (January 29 to February 28, 2007) would coincide with the calendar ending date of the following month:

February 28. (Note: This manipulation was not necessary for the Radius policy, which already had a benefit period ending date of the 28th of the month.)

37.  That this manipulation provided for a smooth and question-free transition to the calendar-monthly third benefit period: March 1, 2007 to March 31, 2007.

38.  That MassMutual is attempting to avoid paying Plaintiff for the insurance coverage Plaintiff is owed for the 29th, 30th, (and 31st) of the full month just prior to termination of benefit payments.

39.  That in Plaintiff's case, the loss is limited to two (2) days on each of the above insurance policies, because each of Plaintiff's policies ends on a date that follows a month with only thirty (30) days. The Policy Expiration Date for the Radius policy (8348070) is May 4, 2015, and for the Retireguard policy (8351026) it is July 1, 2015.

40.  That accordingly, April and June, respectively, preceed these dates, meaning that Plaintiff's loss is for the 29th and 30th days of those months.

41.  That at the end of benefit payments, the Radius policy (8348070) daily benefit amount was $211.17 and the Retireguard policy (8351026) daily benefit amount was $184.77.

42.  That Mr. Kraemer's actual loss is therefor $791.88 for two days coverage on both policies.

43.  That MassMutual knows, or should know, that this contract modification reduces the amount of benefits that it pays to its policyholders/claimants, and MassMutual fails to inform such policyholders/claimants of this impact, thereby fraudulently concealing this effect while unjustly enriching itself at the expense of its own policyholders/claimants.

FACTUAL ALLEGATIONS CONCERNING PLAINTIFF'S

SECOND CAUSE OF ACTION

44. By letter to Plaintiff dated May 23, 2013, Ms. Tracy Pouliot, Claim Examiner for MassMutual, provided Plaintiff with "...an update of your policy numbers 8351026 and 8348070 in regards to the Maximum Benefit Period. Our records indicate that your Maximum Benefit Period expires on November 5, 2014 in accordance with the terms of your policies. Therefore, benefit payments will cease on this date."

45. That by letter dated October 20, 2014, Mr. Kraemer was notified by Ms. Tracy Pouliot, Claim Examiner for MassMutual, that "(A)s you are aware, the maximum benefit period under your disability income policy number(s) 8351026 and 8348070 provides coverage up to your 65th Birthday....Therefore, your maximum benefit period expires on November 5, 2014."

46. That MassMutual issued benefit checks for Plaintiff through November 5, 2014, for both policies, and then terminated benefit payments, asserting for both policies that "This is the final payment due under this claim."

47. That Ms. Pouliot also stated in the above letter "(W)e will continue to waive premiums under your policy until the policy anniversary following your 65th birthday, which is July 1, 2015  under policy 8351026 and May 4, 2015 under policy 8348070."

48. That she also stated that both policies "will expire" on these respective dates.

49. That both Radius (8348070) and Retireguard (8351026) have the same language and definitions, and the policies do not say that benefits end on the claimant's birthday.

50. That both policies indicate, on the Policy Specifications page, that there is a Policy Date, and an Expiration Date, and that the Maximum Benefit Period is "TO AGE 65".

51. That the Maximum Benefit Period is defined in each policy as "The maximum length of

time We will pay monthly Disability benefits."

52. That this definition makes no reference to an exact date-certain on which benefit payments will cease, but rather this definition describes a span of time during which benefits are payable.

53. That the policies define "AGE" as "(T)he age of the Insured on his/her nearest birthday."  .

54. That according to this definition, the policies consider Mr. Kraemer to be "age 65" from May 6, 2014 (182 days before Mr. Kraemer's 65th birthday) to May 4, 2015 (182 days after Mr. Kraemer's 65th birthday).

55. That Expiration Date is defined as "the Policy Anniversary on or next after the Insured's 65th birthday. Thereafter, this Policy is no longer In Force." [Capitals in original]

56. That "In Force" means "(T)he status of this Policy after it becomes Effective and prior to termination."

57. That on first impression, it makes superficial sense to declare that "TO AGE 65" means "To the 65th birthday", but this is revealed as erroneous when one reads the Policy definitions and the entirety of the policies.

58. That MassMutual could have simply used the term "to the 65th birthday" on the Policy Specifications page (as it did in the definition of Expiration Date), but MassMutual did not, instead choosing to use the different term "TO AGE 65" at this critical point.

59. That every word in an insurance contract must be presumed to have been employed with a purpose and must be given meaning and effect whenever practicable.

60. That the Policy Date and the Policy Anniversary are significant dates in these contracts, and MassMutual's interpretation and construction renders these dates meaningless in

determining when benefit payments should properly end.

61. That if MassMutual were logically consistent, it would argue that "TO AGE 65" means that benefit payments must stop 6 months before the policyholder/claimants' 65th birthday, when according to the terms of the policy the age 65 is first attained.

62. That even MassMutual doesn't go this far, apparently realizing that such an interpretation would be noticeable and objectionable to the majority of policyholder/claimants.

63. That "Expiration Date" must mean the date that the policies end, as well as the date when benefit payments cease and "coverage" ends, especially in view of MassMutual's assertion on the first page of the policies: "As long as premiums are paid on time, We will continue coverage until the Expiration Date."

64. That additionally, the definition of "Expiration Date" provides the only date-certain within the policy with which to determine the ending-date of benefits: The Policy Anniversary "on or next after" claimant's 65th birthday is the date when the policy expires, benefits are terminated, and "coverage" ends.

65. That MassMutual damaged Mr. Kraemer by distorting usual contract construction principles, enabling Defendant to eliminate months of liability on both of the above insurance policies, by terminating benefits at the insured's 65th birthday, rather than at the Expiration Date of the Policies.

66. That by aggressively insisting that benefits are to be stopped on the 65th birthday, MassMutual has deprived Mr. Kraemer of the contract benefits he would have received between his 65th birthday, when benefits were actually stopped, and the policy Expiration Dates, when benefits should have been stopped.

67. That for Radius policy (8348070), Mr. Kraemer has lost 6 months of coverage between November 5, 2014, and May 4, 2015, amounting to $38,010.00 in damages.

68. That for the Retireguard policy (8351026), Mr. Kraemer has lost nearly 8 months of coverage, from November 5, 2014, to July 1, 2015, amounting to $43,421.19 in damages, or a total of $81,431.19.

69. That Mr. Kraemer has also expended considerable time, energy, and financial resources to retain Counsel and correspond extensively with MassMutual regarding these matters over a period of several years.

70. That MassMutual knows that this interpretation of its insurance contracts is erroneous, but it superficially seems to make sense that "TO AGE 65" could mean "To the 65th birthday".

71. That MassMutual takes advantage of this natural first impression to misrepresent its insurance policies and prematurely terminate benefit payments to policyholder/claimants, resulting in huge but completely improper gains.

72. That MassMutual has exercised Bad Faith in its dealings with Mr. Kraemer, for the reasons detailed above.

73. That MassMutual has fraudulently concealed the harmful and damaging effect that its actions routinely have on its own policyholder/claimants, while becoming unjustly enriched in the process.

74. That moreover, MassMutual is forced into a logical non sequitur when it insists that its Policies will remain "In Force" between the policyholder's/claimant's 65th birthday and the date that the policies "expire", long after benefit payments have permanently ended.

75. That any insurance policy that can no longer pay any benefits cannot, by any logical stretch, be considered to be "In Force".

76. That Ms. Tracy Pouliot stated in her letter of October 20, 2014, that "(W)e will continue to

waive premiums under your policy until the policy anniversary following your 65th birthday, which is July 1, 2015 under policy 8351026 and May 4, 2015 under policy 8348070", when both policies "will expire".

77. That no reasonable person would pay premiums for an insurance policy that can never provide any benefits.

78. That at that point, any payment actually made is no longer a premium, it is a gift (i.e. a transfer for no value in return), albeit an unknowing and involuntary one.

79. That MassMutual's policy to waive premiums in this situation is an acknowledgment that no reasonable person will actually pay anyway.

80. That, in addition, it is an effective way to conceal the impact of the early termination of benefits by MassMutual.

81. That the failure of MassMutual to pay benefits past the policyholder's/claimant's 65th birthday breaches the promise made on the first page of the Policies: "As long as premiums are paid on time, we will continue coverage until the Expiration Date."

82. That Mr. Kraemer has been forced to hire and retain counsel to seek resolution to this matter.

### FOR A FIRST CAUSE OF ACTION
#### (Breach of Contract)

83. That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

84. That the Plaintiff entered into a contract with Defendant MassMutual for disability insurance coverage in the event of a covered disability.

85. That the Plaintiff did become disabled and received and is still owed benefits under both policies that are the subject of this action.

86. That Defendant MassMutual has aggressively interpreted conflicting policy terminology

11

and definitions in order to willfully deprive Plaintiff of contracted-for benefits.

87. That Defendant MassMututal has acknowledged that this interpretation harms Plaintiff and other similarly situated policy-holders.

88. That Defendant MassMutual has failed to properly compensate Plaintiff as is required under the subject insurance policy contracts.

89. That as a result of the Defendant's Breach of Contract, the Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments he has not received, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has had to retain counsel, and he has endured emotional and financial stresses related to the same.

90. That as a result of the Defendant's breach of contract, the Plaintiff has suffered actual damages, together with the costs and disbursements of this action.

### FOR A SECOND CAUSE OF ACTION
(Negligence)

91. That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

92. That the Defendant owed a duty to the Plaintiff in one or more of the following particulars:

   a. To construct insurance policy contracts in plain and unambiguous language;

   b. To accurately and truthfully convey to consumers the true coverage and benefits amounts for each policy marketed and/or sold;

   c. To interpret insurance policy contracts in favor of the insured;

   d. To refrain from willfully and intentionally defrauding policyholders of

12

contracted-for benefits;

e.  To do those things which a reasonable, prudent person would do under the circumstances then and there prevailing.

93.  That the Defendant failed to perform one or more of the aforementioned duties.

94.  That as a result of the Defendant's negligence, gross negligence, carelessness, recklessness, wilfulness, and wantonness, the Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments he has not received, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has had to retain counsel, and he has endured emotional and financial stresses related to the same..

95.  That as a result of the Defendant's negligence, gross negligence, carelessness, recklessness, wilfulness, and wantonness, the Plaintiff demands that the Defendant compensate him for his actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

## FOR A THIRD CAUSE OF ACTION
(Negligent Misrepresentation)

96.  That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

97.  That the Defendants and Defendants' agents made false representations to the Plaintiff regarding the nature of coverage of the subject insurance policies.

98.  That the Defendants and the Defendants' agents had a pecuniary interest in making the false representations to the Plaintiff.

99.  That the Defendants owed a duty of care to the Plaintiff to investigate and accurately communicate information related to the subject policy to the Plaintiff.

100. That the Defendants breached the duty of care owed to the Plaintiff by failing to exercise

13

due care in failing to properly inform the Plaintiff about the true nature of coverage and benefits related to his disability policies.

101. That the Plaintiff justifiably relied upon the false representations made by the Defendants and the Defendants' agents.

102. That the Plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representations.

103. That as a result of the Defendants' negligent misrepresentations, Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments he has not received, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has had to retain counsel, and he has endured emotional and financial stresses related to the same.

104. That as a result of the Defendants' negligent misrepresentations, the Plaintiff demands that the Defendants compensate him for his actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

## FOR A FOURTH CAUSE OF ACTION
### (Constructive Fraud)

105. That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

106. That the Defendant and the Defendant's agents/employees made false representations of material fact to the Plaintiff.

107. That the Defendant and the Defendant's agents/employees knew or should have known that the representations which were made to the Plaintiff were false.

14

108. That the Plaintiff was unaware of the falsity of the representations and, at the time the representations were made, the Plaintiff was unable to discover the falsity of the representations made by the Defendant and the Defendant's agents/employees.

109. That the Plaintiff had a right to rely and did rely upon the representations made by the Defendant and the Defendant's agents/employees.

110. That the Defendant and the Defendant's agents represented that policy benefits would be paid in accordance with a reasonable interpretation of the operative policy language, until the Expiration of the policies.

111. That the Defendant had an obligation to truthfully represent its intention to honor its policy contracts and reasonably interpret the operative language therein.

112. That the Defendant failed to fulfill its obligations to the Plaintiff.

113. That as a result of the Defendant's constructive fraud, the Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has endured emotional and financial stresses related to the same, and he has been forced to expend significant time and money to retain Counsel and pursue resolution of this matter.

114. That as a result of the Defendants' constructive fraud, the Plaintiff demands that the Defendants compensate him for his actual damages, together with punitive damages, together with prejudgment interest together with attorney's fees, together with the costs and disbursements of this action.

### FOR A FIFTH CAUSE OF ACTION
(Fraud)

115. That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

116. That the Defendant and the Defendant's agents/employees made false representations of material fact to the Plaintiff.

117. That the Defendant and the Defendant's agents/employees knew or should have known that the representations which were made to the Plaintiff were false.

118. That the Plaintiff was unaware of the falsity of the representations and, at the time the representations were made, the Plaintiff was unable to discover the falsity of the representations made by the Defendant and the Defendant's agents/employees.

119. That the Plaintiff had a right to rely and did rely upon the representations made by the Defendant and the Defendant's agents/employees.

120. That the Defendant and the Defendant's agents represented that policy benefits would be paid in accordance with a reasonable interpretation of the operative policy language, until the Expiration of the policies and intended that the Plaintiff rely upon these representations.

121. That the Defendant had an obligation to truthfully represent its intention to honor its policy contracts and reasonably interpret the operative language therein.

122. That the Defendant failed to fulfill its obligations to the Plaintiff.

123. That as a result of the Defendant's constructive fraud, the Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has endured emotional and financial stresses related to the same, and he has been forced to expend significant time and money to retain Counsel and pursue resolution of this matter.

124. That as a result of the Defendant's constructive fraud, the Plaintiff demands that the

16

Defendant compensate him for his actual damages, together with punitive damages, together with prejudgment interest together with attorney's fees, together with the costs and disbursements of this action.

## FOR A SIXTH CAUSE OF ACTION
### (Insurance Bad Faith)

125. That the Plaintiff repeats all forgoing paragraphs as if repeated herein verbatim.

126. That a mutually binding contract of insurance existed between Plaintiff and Defendant.

127. That Defendant MassMutual has refused to pay benefits due to Plaintiff under the subject insurance contracts.

128. That this refusal resulted from Defendant MassMutual's bad faith and/or unreasonable action in breach of the implied covenant of good faith and fair dealing arising on the contract.

129. That this failure to properly interpret and compensate Plaintiff is in violation of SC Code §38-59-20.

130. That this bad faith refusal to pay benefits to the Plaintiff has damaged him in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has endured emotional and financial stresses related to the same, and he has been forced to expend significant time and money to retain Counsel and pursue resolution of this matter.

131. That as a result of the Defendant's bad faith failure to pay insurance benefits, the Plaintiff demands that the Defendant compensate him for his actual damages, together with punitive damages, together with prejudgment interest together with attorney's fees, together with the costs and disbursements of this action.

17

## FOR A SEVENTH CAUSE OF ACTION
(UTPA Violation)

132. That the Plaintiffs repeat all forgoing paragraphs as if repeated herein verbatim.

133. That the aforementioned acts and practices of the Defendant were unfair and     deceptive.

134. That the aforementioned acts and practices of the Defendant are against the public interest and that these acts and practices are capable of repetition.

135. That the Defendant's actions were willful and wanton in that the Defendant knew or should have known that their conduct was unfair and deceptive and, therefore, a violation of this State's statutes concerning unfair and deceptive acts and practices.

136. That as a result of the Defendant's violation of the Unfair Trade Practices Act, the Plaintiff has been damaged in that he has lost the benefit of the premiums he timely paid for many years, he has lost the benefit of contracted-for payments, he has been forced to engage in a tiring back-and-forth battle with MassMutual, he has endured emotional and financial stresses related to the same, and he has been forced to expend significant time and money to retain Counsel and pursue resolution of this matter.

137. That as a result of the Defendants' violation of the Unfair Trade Practices Act, the Plaintiff is entitled to his actual damages, together with three (3) times his actual damages, together with attorney's fees, together with the costs and disbursements of this action.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant as follows:

a.   In the First Cause of Action for his actual damages, together with the costs and disbursements of this action.

b.   In the Second Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

c.   In the Third Cause of Action for actual damages, together with punitive, together with prejudgment interest, together with the costs and disbursements of this action.

d.   In the Fourth Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

e.   In the Fifth Cause of Action for actual damages, together with punitive damages, together with prejudgment interest, together with the costs and disbursements of this action.

f.   In the Sixth Cause of Action for two (2) times the actual damages, together with punitive damages not to exceed three times the actual damages, together with attorney's fees, together with the costs and disbursements of this action.

g.   In the Seventh Cause of Action for three (3) times the actual damages, together with attorney's fees, together with the costs and disbursements of this action.

h.   For such other and further relief as this Court deems just and proper.

**SIGNATURE ON NEXT PAGE**

KRAEMER LAW FIRM, LLC.
Attorney for the Plaintiff

BY: _____

Adam K. Kraemer
PO Box 14332
Charleston, SC 29422
Telephone:    (843) 606-0447
Fascimile:    (843) 614-3894

Charleston, South Carolina
September 29, 2015

20