# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KEITH F. KRAEMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:15-cv-04571 |
| vs. ) | |
| ) | **ORDER** |
| MASSACHUSETTS MUTUAL LIFE, ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on both parties' proposed Bill of Costs. For the reasons stated below, the court grants Massachusetts Mutual Life Insurance Company's ("MassMutual") proposed Bill of Costs, ECF No. 79, and denies Keith Kraemer's ("Kraemer") proposed Bill of Costs, ECF No. 80.

## I. BACKGROUND

In 2002, Kraemer purchased two disability income insurance policies from MassMutual: Radius DI Policy #8348070 ("Radius Policy") and Retireguard DI Policy #8351026 ("Retireguard Policy") (collectively, "the policies"). ECF No. 1-1, ¶ 8–10. The Radius Policy was issued on May 4, 2002 and was set to expire on May 4, 2015. Id. The Retireguard Policy was issued on July 1, 2002 and was set to expire on July 1, 2015. Id. To summarize the lengthy facts that are not directly relevant to the issues currently before the court—Kraemer alleged that MassMutual's modification of its payment date reduced the amount he received under the policies, and that MassMutual prematurely terminated his benefits when he reached age 65. Id. ¶¶ 16, 17, 25–35.

On October 1, 2015, Kraemer filed his complaint in the South Carolina Court of Common Pleas for Berkeley County, advancing the following causes of action: (1) breach of contract; (2) negligence; (3) negligent misrepresentation; (4) constructive fraud; (5) fraud; (6) insurance bad faith; and (7) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").[1] Id. ¶¶ 83–137. On November 11, 2015, MassMutual removed the case. ECF No. 1. A jury trial was held on May 2–3, 2017, at which Kraemer prevailed on his breach of contract claim, while MassMutual prevailed on the remaining causes of action. ECF Nos. 69–72. On May 15, 2017, MassMutual filed its Bill of Costs with the court. ECF No. 79. On May 30, 2017, Kraemer filed his objections to MassMutual's Bill of Costs, ECF No. 88, to which MassMutual replied on June 7, 2017, ECF No. 89, and Kraemer responded on June 13, 2017, ECF No. 90. On May 16, 2017, Kraemer filed his Bill of Costs, ECF No. 80, and MassMutual objected on May 30, 2017, ECF No. 87. The court held a hearing on the issue on January 29, 2018. ECF No. 94. The motions have been fully briefed and are ripe for the court's review.

## II. DISCUSSION

Kraemer first argues that he should receive costs because he is a prevailing party along with MassMutual. ECF No. 88 at 1. He then argues that MassMutual should not receive costs because of its own misconduct. Id. at 3. The court addresses each argument in turn.

---

[1] The complaint identifies the seventh cause of action as a violation of the Unfair Trade Practices Act. ECF No. 1-1 ¶¶ 132–137. However, in Kraemer's response to the motion for partial summary judgment, he refers to it as a violation of the South Carolina Unfair Trade Practices Act. ECF No. 26 at 12–13.

### A. Prevailing Party

Both parties request costs under Federal Rule of Civil Procedure 54(d), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." (emphasis added). A prevailing party is one in whose favor a judgment is rendered, materially altering the legal relationship between the parties. Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). While parties need not prevail on every cause of action to be a "prevailing party," Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Circ. 2010), the issue here is whether or not there can be two prevailing parties. MassMutual is clearly a prevailing party, having prevailed on six out of seven causes of action. Kraemer argues that he too can be considered a prevailing party, because he prevailed on his breach of contract claim. ECF No. 88 at 2.

The Federal Circuit has unequivocally found that there can be only one prevailing party. Shum, 629 F.3d at 1367–69. The Fourth Circuit has yet to rule directly on the issue. However, this district, as well as other districts within the Fourth Circuit, have followed the lead of the Federal Circuit in finding that there may only be one prevailing party. See, e.g., Ethox Chem., LLC v. Coca-Cola Co., 2016 WL 7053351, at *2 (D.S.C. Feb. 29, 2016) ("There can be, however, only one 'prevailing party,' even in cases involving mixed judgments.") (quoting Intellectual Ventures I LLC v. Capital One Fin. Corp, 2015 WL 7283108, at *2 (E.D. Va. Nov. 17, 2015)).

Kraemer cites cases from other circuits in support of his position that there can be more than one prevailing party for the purpose of costs. ECF No. 90 at 1–2. The court does not find Kraemer's reliance on these cases to be persuasive enough to convince it to

stray from prior case law in this district holding that there may be only one prevailing party. While the cases cited by Kraemer vaguely allude to the idea that there could possibly be multiple prevailing parties, they also found the "prevailing party" to be the party that prevailed on a majority or substantial amount of their claims. For example, in one cited case, Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990), the Tenth Circuit held that "the district court in this case did not abuse its discretion when it awarded full costs to the party prevailing on the majority of claims and the central claims at issue." Kraemer also cites Testa v. Vill. of Mundelein, Ill., 89 F.3d 443, 444 (7th Cir. 1996), in which the plaintiff argued on appeal that the jury's award of $1,500 on a single claim entitled him to costs as the prevailing party, after the jury found for the defendant with the remaining claims. The Seventh Circuit responded that "the 'prevailing party' is the party who prevails as to the substantial part of the litigation," and declined to award Testa costs. Id. (emphasis added); see also Intellectual Ventures, 2015 WL 7283108, at *2 ("In determining which of these two parties should be deemed the 'prevailing party,' the court must consider (1) whether the success of one party surpasses the other, and (2) whether that success aligns itself with the central issue of litigation.")

Here, MassMutual has prevailed on six claims, while Kraemer has only prevailed on one. Because the court declines to depart from the rule that there may not be more than one prevailing party, and because MassMutual's success in the trial clearly surpasses that of Kraemer, the court grants MassMutual's Bill of Costs and denies Kraemer's Bill of Costs.

### B. Misconduct

Kraemer next argues that, even if the court does not grant him his requested costs, the court should not grant MassMutual its costs because it would create an injustice. ECF No. 88 at 3. "[C]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). The Fourth Circuit has articulated the following factors to consider in determining whether there would be an element of injustice in awarding costs to the prevailing party: (1) misconduct by the prevailing party; (2) the non-prevailing party's inability to pay the costs; (3) excessiveness of the costs; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. Id. Kraemer only alleges one of these factors is present—misconduct by the prevailing party. Kraemer contends that the jury's finding that MassMutual breached the contract establishes the requisite level of misconduct by MassMutual. ECF No. 88 at 4. However, courts do not define "misconduct" for these purposes based on a jury's finding that a party breached the contract that is the subject of the litigation. Rather, misconduct refers to the types of actions that take place during litigation that might otherwise warrant a sanction or other punishment. See Cherry, 186 F.3d at 446 ("[O]nly misconduct of by the prevailing party worthy of a penalty . . . will suffice to justify denying costs.") (emphasis added), Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988) (finding that "calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings" is the sort of misconduct that justifies a court denying costs). Based on this standard, the court

will not refrain from granting MassMutual's costs based on Kraemer's allegations of misconduct.

### III.  CONCLUSION

For the reasons set for above, the court **GRANTS** MassMutual's proposed bill of Costs and **DENIES** Kraemer's proposed Bill of Costs.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 6, 2018
Charleston, South Carolina**